IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOEL ALVARADO-VEGA,**
    Petitioner,

v.

**UNITED STATES OF AMERICA,**
    Respondent.

**CIVIL NO. 07-1675(PG)**
**RELATED CRIM. 05-417(PG)**

## OPINION & ORDER

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E. #1)[1]. Respondent filed a Response to the Petition (D.E. #5). For the reasons discussed below, the Court finds the Petition shall be DENIED.

## I. BACKGROUND

On December 1, 2005, Petitioner, Joel Alvarado-Vega(hereinafter "Petitioner" or "Alvarado-Vega"), along with forty one (41) other co-defendants, was indicted and charged in a conspiracy to possess with intent to distribute in excess of one (1) kilogram of heroin, and five (5) kilograms of cocaine, all in violation of Title 21, United States Code, Sections 841 and 846 (Crim. D.E. 2). On December 12, 2005, Petitioner was arraigned and a bail hearing was held. Alvarado-Vega was ordered detained without bail pending trial (Crim. D.E. 127). On December 8, 2006, Petitioner through his counsel filed a Motion for Change of Plea (Crim. D.E. 611). On December 15, 2006, Petitioner and the Government filed with the Court Alvarado-Vega's Plea Agreement (Crim. D.E. 634). On December 15, 2006, Petitioner's Change of Plea Hearing was held and Alvarado-Vega plead guilty to count one

---

[1] D.E. is an abbreviation of docket entry number.

Civil No. 07-1675(PG) Page 2

(1) of the Indictment (Crim. D.E. 630). On March 16, 2007, Petitioner was sentenced to term of imprisonment of sixty (60) months as to count one (1) of the Indictment, as well as to a term of Supervised Release of four (4) years and a Special Monetary Assessment of one hundred dollars ($100.00). The remaining counts three (3), four (4), and five (5) of the Indictment were dismissed by the government as previously stipulated by the parties in the Plea Agreement (Crim. D.E. 819).

Petitioner did not appeal his sentence. On July 31, 2007, Alvarado-Vega timely filed his Petition to Vacate, Set Aside or Correct the Court's Sentence Pursuant to 28 U.S.C. Sec. 2255 (D.E. 1). The Government responded on September 5, 2007(D.E. 5). On October 31, 2007, Petitioner filed a Motion for Summary Judgment (D.E. 7), as the matter was then ready for disposition.

**II. DISCUSSION**

In his Petition under 28 U.S.C. Sec. 2255, Petitioner alleges that his counsel was ineffective because he failed to request the dismissal of the Indictment on the theory that the statute of limitations for the charging of the offense had expired when the indictment was filed, and therefore the five (5) year statute of limitations barred Petitioner's conspiracy conviction.

Alvarado-Vega's argument lacks merit, is contravened by the record and the law, and as such is hereby denied. 18 U.S.C. § 3282 ("Section 3282") establishes a statute of limitations of five (5) years for non capital offenses. Specifically Section 3282 provides that "no person shall be prosecuted tried or convicted for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

Contrary to Alvaro-Vega's allegation, in the case at hand, the indictment charged a conspiracy that continued up to the date of the indictment, that is December 1, 2005, (Crim. D.E.2). Therefore, pursuant to Section 3282 the five year statue of limitation does not begin until after December 1, 2005, the date the conspiracy with which Petitioner is charged as being a part of and to which he pled guilty finished.

The Supreme Court of the United States has clearly established the basic principles of

Civil No. 07-1675(PG)                                                                                                     Page 3

conspiracy law and of when a conspiracy terminates. The agreement to commit an unlawful act is a "distinct evil", which "may exist and be punished whether or not the substantive crime ensues." Salinas v. United States, 522 U.S. 52, 65 (1997). A conspiracy does not automatically terminate simply because the Government, unbeknownst to some of the conspirators, has defeated the conspiracy's object. United States v. Jimenez Recio, 537 U.S. 270, 271 (2003). As long as the object of the conspiracy continues in existence in the mind of the participants of the conspiracy then the conspiracy continues.

Once an indictment is brought, the statute of limitations is tolled as to the charges in the indictment. United States v. O'Bryant, 998 F.2d 21, 23 (1st Cir. 1993). In the instant case, the indictment charged a conspiracy to distribute narcotics that spanned from on or about 1998 until the date of the indictment, which was December 1, 2005 (Crim. D.E. 2). The statute of limitations of five (5) years as established in Section 3282 had not expired, for the conspiracy was ongoing up to the date of the indictment. Petitioner's argument is not only procedurally incorrect, it is simply flawed and meritless.

### III.    CONCLUSION

For the reasons stated, the Court concludes that Petitioner **JOEL ALVARADO-VEGA** is not entitled to federal habeas relief on the claim presented. Accordingly, it is ordered that petitioner **JOEL ALVARADO-VEGA's** Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 be **DENIED** and his case for habeas relief be **DISMISSED WITH PREJUDICE**. Petitioner's subsequent Motion for Summary Judgment (D.E. #7) is also **DENIED.**

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated, the Court denies Petitioner's request for relief pursuant to 28 U.S. C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a

Civil No. 07-1675(PG) Page 4

constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th of September 2010.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE
