IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO

| | |
|---|---|
| **JUAN JIMENEZ-FIRPO,** <br> Petitioner, <br> <br> v. <br> <br> **UNITED STATES OF AMERICA,** <br> Respondent, | * <br> * <br> * <br> * <br> * <br> * <br> *    **CIVIL NO. 07-1783 (PG)** <br> *    **(Related to Crim. No. 05-23(PG))** <br> * <br> * |

## OPINION AND ORDER

Petitioner Juan Jimenez-Firpo (hereinafter "Petitioner" or "Petitioner Jimenez-Firpo") proceeding pro se has filed a Motion Under Title 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence, along with a Memorandum in support thereof (D.E. #1 and D.E. #2).[1] The Government has filed a Response to Petitioner's Motion Under 28 U.S.C. Section 2255 (D.E.# 4). Petitioner filed a Reply to the Government's response. (D.E. # 5). For the reasons stated below, Petitioner Jimenez-Firpo's motion pursuant to Title 28 U.S.C. Section 2255 is hereby **DENIED**.

### I. BACKGROUND

On July 11, 2005, Petitioner pled guilty pursuant to a straight plea, in a single Count Indictment (Crim. D.E. #19).[2] The single Count Indictment charged reentry of removed aliens, in violation of 8 U.S.C. Section 1326. The sentencing hearing was initially held on October 14, 2005, but was continued to January 10, 2006, after new legal representation was appointed to Petitioner (Crim D.E. #28 and Crim

---

[1] D.E. is an abbreviation for docket entry number.

[2] Crim D.E. is an abbreviation for criminal docket entry number.

Civil No. 07-1783 (PG)                                                                                           Page 2

D.E. #47).  With an offense level of twenty-one (21) and a criminal history category of six (VI), the guideline imprisonment range was from seventy-seven to ninety-six (77-96) months (Crim. D.E. #47, pp.8-9).  The Court sentenced Petitioner to an imprisonment term of seventy seven (77) months (D.E. 47, pp.8-9).

Petitioner appealed and his conviction was affirmed.[3]  Judgment was entered on February 2, 2007, and no petition for a writ of certiorari was filed.  Defendant Jimenez-Firpo petition for relief pursuant to section 2255 was filed on August 27, 2007.

Although Petitioner was released from custody on August 17, 2010, and thus this request for relief is largely rendered moot, the Court nevertheless has reviewed the above-captioned case and hereby denies Petitioner's request for relief pursuant to section 2255.

## II.  DISCUSSION

In his petition under 28 U.S.C. Section 2255, Petitioner Jimenez-Firpo claims that his counsel's assistance was ineffective for: (1) inducing him to plead guilty; (2) failing to explain to him the nature of the charges, the consequences of the guilty plea, and the operation of the guidelines; and (3) failing to file an appeal.  Petitioner also claims that he was erroneously sentenced.

**A. Claim of Ineffective Assistance of Counsel**                       .

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984).  But "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining."  United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991) (citation omitted), cert. denied, 502 U.S. 1079.

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance was  deficient and that the deficiency prejudiced the defense.  Strickland, 466 U.S. at 687.  In order to

---

[3] United States v. Jiménez-Firpo, Appeal No. 06-1331 (1st Cir. February 2, 2007).

Civil No. 07-1783 (PG) Page 3

establish deficiency, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Id. at 688. Counsel is presumed to have acted within the range of "reasonable professional assistance," and it is petitioner who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy." Id. at 689. In order to show prejudice, a petitioner must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694.

Claims of ineffective assistance of appellate counsel are measured under the Strickland standard. Evitts v. Lucy, 469 U.S. 387 (1985). Tactical choices regarding issues on appeal are properly left to the sound judgment of counsel. Jones v. Barnes, 463 U.S. 745, 751 (1983). Appellate counsel is not required to raise every non-frivolous claim, but rather select among them to maximize the likelihood of success on the merits. Lattimore v. Dubois, 311 F.3d 46, 57 (1st Cir. 2002). Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, it is difficult to demonstrate that counsel was incompetent. Smith v. Robbins, 528 U.S. 259, 288 (2000). To overcome the presumption of competence of appellate counsel in these circumstances, a petitioner must show that the omitted issues were clearly stronger than those counsel chose to assert. Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986); Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir.2002).

In the present case, the transcript of the change of plea hearing demonstrates that Petitioner's plea was voluntary and that he was properly advised by Counsel of his rights:

THE COURT: Has your attorney explained to you what the maximum possible penalty provided by the law is?

THE DEFENDANT: Yes.

THE COURT: And what did he explained to you?

THE DEFENDANT: He told me that the maximum would be up to twenty years; and minimum, well, that would depend on the agreement that was reached.

Civil No. 07-1783 (PG) Page 4

    THE COURT:  And that there would be a fine that could go up to $250,000; a term of supervised release of not more than three years; and a $100 special monetary assessment.

    THE DEFENDANT:  Yes.

(COP Tr., p.6)

    THE COURT:  Has anybody threatened you in any way to induce you to plead guilty?

    THE DEFENDANT:  No.

    THE COURT:  Is anybody forcing you in any way to plead guilty?

    THE DEFENDANT: No.

    THE COURT:  Has anybody offered you any rewards or other things of value to get you to plead guilty?

    THE DEFENDANT:  No.

    THE COURT:  Has anybody made any predictions to as to what specific sentence I will impose?

    THE DEFENDANT:  No.

    THE COURT:  Now, since you are entering a straight plea, has your attorney explained to you that I have authority and discretion to impose any sentence up to the maximum of twenty years that you know of?  Do you understand that?

    THE DEFENDANT:  Yes.

    THE COURT:  Has he also explained to you that I am not bound by any stipulations you reach with the government, any sentencing calculations that you may do, or any sentencing recommendations to be made at the time of the sentence?

    THE DEFENDANT:  Yes.

(COP Tr., pp. 7-8)

    The record is quite clear in that Petitioner was aware of the criminal proceedings he was facing. Petitioner entered a straight plea, wherein he acknowledged that Counsel had explained to him the statutory maximum sentence and the Court's authority and discretion to impose a sentence up to the

statutory maximum of twenty (20) years. Petitioner also acknowledges that: nobody had threatened him in order to induce a guilty plea; nobody was forcing him to plead guilty; no offers or rewards were made to induce him to plead guilty; and no predictions had been made as to what specific sentence would be imposed. Petitioner's claim that Counsel's assistance was ineffective for inducing him to plead guilty and for failing to explain the nature of the charges, the consequences of pleading guilty, and the operation of the sentencing guidelines is contrary to the record.

The allegation that counsel failed to file an appeal after being required by Petitioner is also contradicted by the record. Petitioner's Counsel submitted an Anders brief and a motion to withdraw, asserting that there were no meritorious issues to be raised on appeal, pursuant to Anders v. State of California, 386 U.S. 738, 744 (1967). Petitioner did not file a separate brief, after being informed of his right to do so. As required by Anders, the Court conducted a full examination of the proceedings, including the guilty plea and sentencing hearings, and concluded that there were no non-frivolous issues on appeal. The Court determined that the straight plea was entered after a hearing conducted in conformity with Fed.R.Crim.P.11.[4]

All of Petitioner's claims of ineffective assistance of counsel are refuted by the record of the case. Therefore, Petitioner's allegation of ineffective assistance of counsel fails.

**B. Claim of Sentencing Disparity**

---

[4] "Counsel has submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Appellant has not filed a pro se response. Having reviewed the record on appeal, we conclude that there are no non-frivolous issues on appeal. Appellant entered a straight plea of guilty after a hearing conducted in conformity with Fed.R.Crim.P.11. The sentencing court followed the protocol approved in United States v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006), and arrived at a sentence, at the low end of the advisory sentencing guideline range, that cannot be deemed unreasonable given the factors raised by the parties and considered by the court in light of the purposes of sentencing. See 18 U.S.C. Section 3553(a). The judgment is affirmed. Counsel's request to withdraw from representation is granted." United States v. Jiménez-Firpo, Appeal No. 06-1331 (1st Cir. February 2, 2007).

Civil No. 07-1783 (PG)                                                                                    Page 6

    Petitioner claims that the district court "erred in concluding that sentence disparities caused by fast-track programs cannot be considered unwarranted disparities within 18 U.S.C. Section 3553(a)(6). However, at sentencing Petitioner and Counsel requested a non-guideline sentence, without resorting to allegations of disparity and/or reasonableness of a sentence between fast-track and non fast-track jurisdictions (Crim. D.E. #47, pp.4-6). Since this claim was not raised at sentencing or on appeal, there is a procedural bar to presenting this claim in a collateral review proceeding.

    Procedurally defaulted claims cannot be heard on the merits on collateral review unless the prisoner can meet one of two narrow exceptions. The first requires the applicant to demonstrate "cause" for each failure to raise the claim earlier, as well as "actual prejudice" resulting from the alleged error. United States v. Frady, 456 U.S. 152, 170 (1982). The "cause and prejudice" standard requires the prisoner to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue earlier, Coleman v.Thompson, 501 U.S. 722, 753 (1991), but also that the error he alleges "worked to his actual and substantial disadvantage, infecting his entire trial with error." Frady, 456 U.S. at 170. If he cannot show cause and prejudice, the prisoner cannot have his claim considered unless he can demonstrate "actual innocence." Bousley v. United States, 523 U.S. 614, 620-23 (1998).

    Petitioner Jimenez-Firpo has not met the cause and prejudice standard and thus, his disparity claim cannot be raised for the first time on a collateral proceeding.[5] Therefore, Petitioner's claim of sentencing disparity fails.

---

[5] Furthermore, either under Booker, or under an analysis based on disparities between fast-track and non fast-track jurisdictions, fast-track sentencing disparity claims have been rejected on appeal. United States v. Martínez-Flores, 428 F.3d 22, 30 n.3 (1st Cir. 2005).

Civil No. 07-1783 (PG) Page 7

### III.  CONCLUSION

   For the reasons stated above, the Court concludes that Petitioner **Juan Jimenez-Firpo** is not entitled to federal habeas relief on the claims presented.  Accordingly, it is ordered that Petitioner **Juan Jimenez-Firpo'**s Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255 (D.E. #1) be **DENIED** and his case for habeas relief be **DISMISSED WITH PREJUDICE**.

### IV.  CERTIFICATE OF APPEALABILITY

  For the reasons previously stated, the Court denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255.  It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253 (c)(2).

   **IT IS SO ORDERED.**

  In San Juan, Puerto Rico, this 29th day of September, 2010

                                       **S/JUAN M. PEREZ-GIMENEZ**
                                       **JUAN M. PEREZ-GIMENEZ**
                                       **Senior United States District Judge**